UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE INTERCEPT MEDIA, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>OPENAI, INC., OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, OPENAI HOLDINGS, LLC, and MICROSOFT CORPORATION<br><br>    Defendants. | No. 1:24-cv-01515-JSR |

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff The Intercept respectfully submits this Notice of Supplemental Authority to alert the Court to a recent Second Circuit decision, *Michael Grecco Prods., Inc. v. RADesign, Inc*., No. 23-1078, 2024 WL 3836578 (2d Cir. Aug. 16, 2024), attached as Exhibit 1, which supports The Intercept's position that DMCA claims should not be dismissed on limitations grounds. Three aspects of the decision are particularly noteworthy.

First, the court clarified that under the Copyright Act's discovery rule, the plaintiff's sophistication "does not automatically relieve a defendant of her burden to plead and prove a Copyright Act limitations defense." *Id*. at *5. That is because the relevant "fact-intensive inquiry" turns on when "[t]he date on which a copyright holder, with the exercise of due diligence, would have discovered an infringement." *Id*.

Second, the court reiterated that, to dismiss a Copyright Act complaint on limitations grounds, it must be "clear from the face of the complaint" that a plaintiff exercising due diligence

- 2 -

would have discovered its claim less than three years before it sued. *Id*. at *6. This is not satisfied by a "likelihood, even a high one," that a plaintiff with reasonable diligence would have discovered the cause of action within that period. *Id*.

Third, the court stressed that "[t]imeliness … is not an element of a copyright infringement claim," but instead an affirmative defense, and that therefore "the complaint did not need to allege, plausibly or otherwise, that the claim was timely." *Id.* at *7.

Respectfully submitted,

/s/ *Stephen Stich Match*
Jonathan Loevy (*pro hac vice*)
Michael Kanovitz (*pro hac vice*)
Lauren Carbajal (*pro hac vice*)
Stephen Stich Match (No. 5567854)
Matthew Topic (*pro hac vice*)
Steven Art (*pro hac vice*)
Thomas Kayes (*pro hac vice*)

LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
312-243-5900 (p)
312-243-5902 (f)
jon@loevy.com
mike@loevy.com
carbajal@loevy.com
match@loevy.com
matt@loevy.com
steve@loevy.com
kayes@loevy.com

*Counsel for Plaintiff*

Dated: August 27, 2024