UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE INTERCEPT MEDIA, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>OPENAI, INC., OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, OPENAI HOLDINGS, LLC, and MICROSOFT CORPORATION<br><br>    Defendants. | No. 1:24-cv-01515-JSR |

**PLAINTIFF'S RESPONSE TO
OPENAI DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff The Intercept respectfully raises four points in response to the OpenAI Defendants' Notice of Supplemental Authority, ECF No. 118.

First, the cited case, *Raw Story Media v. OpenAI, Inc.*, No. 24-cv-1514 (S.D.N.Y. Nov. 7, 2024), dismissed, on standing grounds, the plaintiffs' Section 1202(b)(1) claim against OpenAI after considering allegations and arguments mirroring those made by the original Complaint and the first round of briefing in this case. OpenAI acknowledged as much in *Raw Story*, in which it submitted this Court's June 3, 2024 repleading order as a supplemental authority. *See* Ex. 1 hereto (Defendants' Notice of Supplemental Authority at 1, *Raw Story Media v. OpenAI, Inc.*, No. 24-cv-01514 (S.D.N.Y. June 10, 2024), ECF No. 78) (stating that The Intercept's original Complaint "asserted virtually identical claims based on almost identical allegations to those at issue in this case"). The *Raw Story* court thus was not asked to consider various aspects of the DMCA-copyright infringement analogy that arose in later parts of this case in connection with the First

Amended Complaint filed here.  This includes the allegation that copyright infringement was the mechanism by which OpenAI removed The Intercept's CMI.  *See generally* Ex. 2 hereto (*Raw Story* complaint).  *See also* First Amend. Compl. ¶¶ 45-53, ECF No. 87.  It also includes the argument that knowledge of likely copyright infringement is an aspect of the second scienter element, which similarly arose in connection with the First Amended Complaint.

Second, the plaintiffs in *Raw Story* did not make any claims under Section 1202(b)(3) for unlawful distribution of CMI-less works, and the court thus had no occasion to consider the analogy between that provision and the exclusive right to distribute under Section 106.

Third, if the Court is persuaded by *Raw Story*'s conclusion that standing requires dissemination, The Intercept reiterates its request for jurisdictional discovery on dissemination, a request that Raw Story did not make because of the manner in which the arguments had been presented in that case.  *See* P. Supp. Br. at 9-10, ECF No. 90.

Fourth, if the Court is inclined to dismiss the case for reasons given in *Raw Story*, The Intercept respectfully requests that the Court not dismiss the case with prejudice, and instead entertain a motion by The Intercept for leave to amend the First Amended Complaint to allege facts supporting an additional separate theory of standing based on Defendants' unlawful profits from their removal of CMI—disgorgement being a remedy for both DMCA violations and copyright infringement, one the Second Circuit has recognized as conferring standing whether or not accompanied by economic loss, and one arguably analogous to the historical injury of unjust enrichment.  *See* 17 U.S.C. § 1202(c)(1)(A); 17 U.S.C. § 504(b); *Packer on behalf of 1-800-Flowers.Com, Inc. v. Raging Cap. Mgmt., LLC*, 105 F.4th 46, 51-56 (2d Cir. 2024); Restatement (Third) of Restitution and Unjust Enrichment § 1 cmt. a (providing liability for unlawful profits "without the need to show that the claimant has suffered a loss").  While The Intercept recognizes

- 3 -

that this theory was not added during the last round of amendments, it respectfully submits that latitude is warranted here due to the novelty of the issues presented and the absence of controlling precedent or decisions on analogous issues. *See Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) (holding that leave to replead shall be "freely given when justice so requires").

Respectfully submitted,

*/s/ Stephen Stich Match*
Jon Loevy (*pro hac vice*)
Michael Kanovitz (*pro hac vice*)
Lauren Carbajal (*pro hac vice*)
Stephen Stich Match (No. 5567854)
Matthew Topic (*pro hac vice*)
Steven Art (*pro hac vice*)
Thomas Kayes (*pro hac vice*)
Kyle Wallenberg (*pro hac vice*)

LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
312-243-5900 (p)
312-243-5902 (f)
jon@loevy.com
mike@loevy.com
carbajal@loevy.com
match@loevy.com
matt@loevy.com
steve@loevy.com
kayes@loevy.com

*Counsel for Plaintiff*

Dated: November 13, 2024