```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
IN RE:                                          :
                                                :
OPENAI, INC.,                                   :      25-md-3143 (SHS) (OTW)
COPYRIGHT INFRINGEMENT LITIGATION,              :
                                                :
                                                :      ORDER
This Document Relates To:                       :
All Actions                                     :
                                                :
---------------------------------------------------------------x
```

**ONA T. WANG**, **United States Magistrate Judge**:

The Court is in receipt of the parties' omnibus protective order proposals. (*See* ECF Nos. 97, 99, 102). The parties' remaining issues are discussed below.

    **I.    Disputes Related to Defendants' AEO Designations and "Competitive" Concerns**

The parties' first three disputes contemplate the access, use, or cross-use of documents that are marked AEO and/or in cases in which a plaintiff or defendant is not a named party in a member case.

First, Plaintiffs argue that they should be allowed to use any AEO document produced by either Defendant at any deposition of either Defendant's current or former employees (i.e., use OpenAI's AEO docs at the deposition of a Microsoft employee). (ECF 97 at 1). Defendants object to this request on the grounds that OpenAI and Microsoft are "competitors" in the AI marketplace, and suggest that Plaintiffs' proposal "denies Defendants the same leeway when using Plaintiffs' materials."[1] (ECF 102 at 3). Defendants also contest that Plaintiffs' proposal

---

[1] The Court takes no position on whether Plaintiffs or Defendants are the goose or the gander, but reminds the parties that such arguments, if untethered to the principles underlying Fed. R. Civ. P. 26, are not likely to be given much, if any, weight.

does not require a deponent be bound by the controlling protective order. Plaintiffs also request that the Court strike language that limits the use of "Confidential" documents at depositions to deponents "to whom disclosure is reasonably necessary." (ECF 97 at 1 n. 1). **All deponents being shown AEO documents must sign the protective order undertaking. Plaintiffs' request is DENIED in all other respects.**

Second, the News Plaintiffs seek to share certain of OpenAI's AEO documents with a small group of their clients' key decisionmakers, and note that Microsoft agreed to this accommodation in the past. (ECF 97 at 2). OpenAI objects, stating that broad disclosure to non-attorneys was not contemplated by the original protective order and would cause "competitive harm." (ECF 102 at 4). OpenAI also suggests that an agreement between News Plaintiffs and Microsoft should have no bearing on access to OpenAI's AEO documents. (*Id.*).

Third, Defendants seek to use documents and discovery from Plaintiffs across all cases under the MDL. (ECF 102 at 1-2). Plaintiffs object on the grounds that the MDL centralized these cases to coordinate discovery into Defendants' conduct, not Plaintiffs'; Defendants do not need one plaintiff's documents to litigate their case against another plaintiff; and cross-use of Plaintiffs' documents would harm Plaintiffs, who are direct competitors with each other. (ECF 97 at 1-2).

The central theme of these disputes are the parties' purported, but unspecified, "competition concerns" with the requested disclosures. The parties are directed to file separate letter briefs not to exceed 1,500 words (exclusive of exhibits, headings, captions, and signatures) by **June 18, 2025,** explaining: (1) what specific competitive dynamics exist between the parties (e.g., between the News Plaintiffs or between the Defendants) and how such disclosure would cause competitive harm; (2) how and why signing the undertaking does or

does not sufficiently mitigate the purported competition concerns;[2] and (3) whether the AEO documents at issue are on a log and whether they may require *in camera* review.

## II. Restrictions on Source Code Printing

Finally, the parties disagree on a limit on source code printouts. Plaintiffs point to the protective order in the Authors Guild case, which permitted a "reasonable number of printouts." (ECF 97 at 3); (Case No. 23-CV-8292, ECF 148). Defendants point to the proposed source code order in the News Cases, which provided for 500 pages of source code printouts and for good faith requests for additional printouts. (ECF 102 at 4); (Case No. 23-CV-11195, ECF 252).

It is not clear to the Court why the parties need to "print" source code at all, let alone so much of it that there is a dispute over a presumptive cap. The parties are directed to file a letter by **June 18, 2025,** explaining why this is a dispute for which they need a Court ruling. *See* Fed. R. Civ. P. 1.

## III. CONCLUSION

The parties are directed to file their letters answering the questions detailed above by **June 18, 2025,** and to begin revising the proposed protective order in line with the above guidance. The parties may each submit a single letter that addresses all of the Court's questions.

---

[2] The Court notes that it previously ruled that OpenAI failed to provide sufficient evidence to show that disclosure of "highly confidential documents" to an expert retained by the News Plaintiffs would cause competitive harm notwithstanding the protective order in place at the time. (Case No. 23-CV-11195, ECF 502) ("Additionally, the Defendant has not offered any meaningful reason to doubt the sufficiency of the existing Protective Order and the confidentiality provisions therein.").

The parties are warned that if they continue to take opposing positions on future "disputes" without explaining why the dispute matters or why they should be granted relief, the Court will deny the motions outright.[3]

The Clerk of Court is respectfully directed to close ECF Nos. 97 and 102.

**SO ORDERED.**

Dated: June 16, 2025
New York, New York

_s/ Ona T. Wang_
**Ona T. Wang**
United States Magistrate Judge

---

[3] *See* FN 1, *supra*.