KEKER VAN NEST &PETERS        LATHAM&WATKINS LLP        MORRISON FOERSTER

July 11, 2025                                                                                  <u>VIA ECF</u>

Hon. Ona T. Wang
U.S. District Judge for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:  ***OpenAI's Proposal Regarding AEO Documents in Response to Order ECF 308,***
   *In re OpenAI, Inc. Copyright Infringement Litigation*, No.1:25-md-03143;
   This Document Relates To: All Actions

Pursuant to the Court's July 8, 2025 order, OpenAI submits its proposal to resolve what remains of the dispute with News Plaintiffs concerning disclosure of OpenAI's AEO-designated documents to the "News Executives" identified in Paragraph 24(b) of the Protective Order (ECF 305). The parties have conferred by video conference and email and, after OpenAI agreed to several compromises, reached agreement on important aspects of the dispute, including six appropriate categories of documents the identified executives should not review ("Excluded Categories").

The parties seek the Court's guidance on two remaining disputes: (1) the procedure to ensure that documents shown to News Executives do not fall into an agreed-upon Excluded Category; and (2) the precise scope of the seventh exclusion category.

OpenAI's compromise proposal, which is set forth below in full, addresses the issues the Court raised concerning the parties' prior proposals, including that (1) OpenAI should have an "avenue by which to challenge disclosures of any particular document," (2) News Plaintiffs "have not shown" their executives need access to "<u>all</u> OpenAI's AEO documents" but also should not be limited to documents referencing specific News Plaintiffs, and (3) the previously-proposed "'exempt' categories are too broad." (ECF 308 at 1-2.)

**<u>Agreed-Upon Categories For Exclusion</u>**

Taking into account the Court's guidance, OpenAI has agreed with News Plaintiffs on the following scope of six of the seven Excluded Categories below. The Excluded Categories include News Plaintiffs' proposed categories and more specifically tailored versions of OpenAI's previously-proposed categories.

1. Financial statements; documents containing discrete or summary financial figures for revenue, profits, losses, assets, or liabilities
2. Documents containing technical details regarding the training, testing, evaluation, and operation of OpenAI's models
3. Documents related to actual, potential, or draft licensing/data access agreements or documents, communications, or negotiations regarding such agreements
4. Customer contracts, or documents, communications, or negotiations regarding such agreements or contracts

5. Documents that reveal enterprise pricing for ChatGPT services
6. "Safety Valve" category reserved for other possible bases for excluding categorically sensitive documents that reveal trade secrets or other highly confidential information, that, as of today, are not part of discovery (*i.e.*, are not in OpenAIs' document productions).

The parties also agree there should be a seventh exclusion category to encompass OpenAI's highly confidential business strategy documents relating to customers and partners. The parties only disagree on the precise wording of that exclusion, as discussed below.

**OpenAI's Proposal Regarding AEO Documents Addresses all Parties' Interests**

OpenAI's Proposed Procedure

To the extent News Plaintiffs have a dispute regarding AEO-designated documents, OpenAI proposes the following procedure:

1. News Plaintiffs provide a list to OpenAI of up to 500 AEO-designated documents that they contend do not fall within the Excluded Categories.
2. OpenAI will then have 14 days to object to any documents selected by News Plaintiffs.
3. To the extent Plaintiffs dispute OpenAI's categorization of particular documents, the parties will follow the process under Paragraph 31 of the Protective Order to resolve such dispute.

OpenAI's proposal limits the scope of review to a manageable set of documents—large enough that its composition will capture relevant materials without revealing work product. OpenAI's proposal also ensures the parties will move past this dispute with finality and in a prompt manner, without slowing down progress on many other ongoing discovery workstreams. Realistically, News Plaintiffs' executives will not and should not need to review thousands (or even hundreds) of AEO-designated documents, a fact OpenAI raised in conferral and which News Plaintiffs did not dispute. OpenAI's approach eliminates needless review of, and disputes over, thousands of documents News Plaintiffs will never show their executives.

By allowing Plaintiffs to seek confirmation that up to 500 documents are properly outside of the excluded categories, any concerns that News Plaintiffs have about work product should be allayed. In conferral, OpenAI asked Plaintiffs if a larger universe of documents would allay their work product concern. Plaintiffs refused to offer *any* number of documents they would agree to identify, apparently confirming their intention to compel a re-review of *all* AEO-designated documents, rather than reach any compromise.

OpenAI's Proposed Exclusion Category Seven

As OpenAI showed in its prior briefing (*e.g.*, ECF 308 at 2), disclosing OpenAI's competitively sensitive strategies for its commercial customers and partners to the News Executives will cause competitive harm to OpenAI. For that reason, OpenAI proposed Exclusion Category Seven. The parties dispute only the phrase that appears below in bolded, underlined text, and otherwise are in agreement.

> Documents that reveal **strategies for development of customer or partner relationships**, contractual/pricing strategies, and similar strategy documents that could be used by a current or potential customer or partner to negotiate more favorable terms with OpenAI or its competitors.

That phrasing is designed to capture internal documents that discuss or reveal OpenAI's highly confidential business strategies related to building, enhancing, or initiating customer and partner engagements.  That category would apply, for example, to the sample AEO document OpenAI submitted in support of its July 10, 2025 letter and other similar types of documents.  (ECF 308 at 3.)  It would not apply to documents "addressing how users interact with ChatGPT," as News Plaintiffs claim to fear.  Based on the agreed-upon qualifying language at the end of the exclusion (the category applies to "documents that could be used by a current or potential customer or partner to negotiate more favorable terms with OpenAI or its competitors"), News Plaintiffs' claimed interpretation is unreasonable.  Removing this language does not address a legitimate concern over its intended meaning or scope, and would remove an important protection against disclosure of competitively sensitive information to News Executives.  The Court should adopt OpenAI's proposed version of Exclusion Category Seven.

**News Plaintiffs' Proposal Regarding AEO Documents**

News Plaintiffs propose that OpenAI re-review *all* AEO documents to identify, among tens of thousands of documents, those which fall into an Excluded Category.  That is an incredibly burdensome task and one that is not justified, reasonable or proportional for the fraction of a percent of those documents News Executives are likely to review.  Contrary to Plaintiffs' argument, simply applying search terms "likely to fall within" an Excluded Category risks under-designation of documents that should fall within Excluded Categories, resulting in competitive harm to OpenAI.  Conversely, a search term process could also lead Plaintiffs to claim "over-designation" within Excluded Categories, guaranteeing that Plaintiffs will invoke their reserved right to challenge AEO *designations* for any document that falls within an Excluded Category, even after OpenAI has conducted Plaintiffs' requested re-review.  Using search terms alone will not reliably identify all documents that fall within Excluded Categories; re-review of all AEO documents will be required to comply with Plaintiffs' proposal.

News Plaintiffs' overbroad proposal is designed to only delay discovery in this case, and create undue and unnecessary burden on OpenAI and the court.  Further, it backtracks on positions News Plaintiffs' previously have taken in this dispute.  News Plaintiffs have never argued, for instance, that *all* of OpenAI's AEO designations are improper or actually moved for re-review of *all* designations.  News Plaintiffs also have never argued their executives *need* to review *all* AEO-designated materials (subject to the exclusions), and the Court already found News Plaintiffs failed to show that would be appropriate under the circumstances.  (ECF 308 at 1.)

Until now, News Plaintiffs have framed their proposal as a "compromise" and an alternative to a threatened motion seeking re-review of all of OpenAI's AEO-designated documents.  But, based on Plaintiffs' proposal, they are not offering any compromise.  News Plaintiffs' proposal imposes the equivalent burden of a re-review of AEO designations on OpenAI but gives News Plaintiffs an additional benefit to which they otherwise would not be entitled — disclosure of highly confidential material to high-ranking decisionmakers.

Plaintiffs' proposal also would be extremely burdensome, time consuming, and has no guarantee of resolving the parties' dispute. It will take weeks (if not months) of attorney time to re-review *all* AEO-designated materials to determine whether documents fall into an Excluded Category. That effort will be at the expense of and slow down OpenAI's other document review and production efforts. And because News Plaintiffs reserve the right to challenge AEO designations of the same documents, Plaintiffs' proposal offers no finality or guarantee the parties will not find themselves working through the same dispute in several months – after OpenAI has already undertaken the costly and time-consuming re-review requested by Plaintiffs. And, under Plaintiffs' proposal, there is every reason to believe the vast majority of that time, expense, and effort will be over documents News Plaintiffs have no intention of showing News Executives.

*\*\*\**

OpenAI respectfully requests that the Court adopt its proposal regarding AEO documents.

Sincerely,

| KEKER, VAN NEST & PETERS LLP | LATHAM & WATKINS LLP | MORRISON & FOERSTER LLP |
|---|---|---|
| */s/ Christopher S. Sun* | */s/ Allison S. Blanco* | */s/ Tiffany Cheung* |
| Christopher S. Sun | Allison S. Blanco | Tiffany Cheung |