

February 4, 2026

**VIA ECF**
Hon. Ona T. Wang
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

    RE:    **Omnibus Letter Motion to Seal**, *In Re: OpenAI, Inc., Copyright Infringement Litigation*, No. 1:25-md-3143, This Document Relates To: All Actions

Dear Judge Wang:

    Pursuant to Rule VI.b. of Your Honor's Individual Practices, the OpenAI Defendants ("OpenAI") submit this motion to seal materials submitted in support of Plaintiff's January 30, 2026 discovery motions and OpenAI's February 04, 2026 opposition letters. Specifically, OpenAI seeks to seal or redact certain material in the following filings:

- Plaintiffs' Motion to Compel OpenAI to Produce Musk Discovery (ECF 1200) and accompanying Exhibits B, C, and D (ECFs 1200-1 to 1200-3)
- Exhibits 6–9 to Class Plaintiffs' Motion for *In Camera* Review of Microsoft Clawed-Back Documents (ECFs 1205-5 to 1205-8)
- News Plaintiffs' Motion to Compel Production of User Metrics Data Regarding Custom GPTs and Disclose Whether OpenAI Maintains Output Log Data (ECF 1206) and accompanying Exhibits 2 and 5–8 (ECFs 1206-1 to 1206-5)
- Appendices A and B and Exhibits A and B to Plaintiffs' Letter Challenging OpenAI's Privilege Assertions (ECFs 1214-1 to 1214-4)
- Plaintiffs' Motion for Additional Discovery on Project Giraffe and Additional Depo Time of V. Monaco (ECF 1220) and accompanying Exhibits C to G (ECFs 1220-1 to 1220-4 and 1218-7)
- OpenAI's Opposition to Plaintiffs' Motion for Additional Discovery on Project Giraffe and Additional Deposition Time of V. Monaco

    I.    **INTRODUCTION**

    The information OpenAI seeks to seal or redact from Plaintiffs' letter briefs, OpenAI's letter briefs, and their respective accompanying Exhibits comprise highly sensitive and confidential technical and internal business information about OpenAI's technology and business strategies that could be unfairly used by its competitors if made public.

    Public disclosure of this information, which constitutes highly confidential pursuant to the Stipulated Protective Order (ECF 367), would cause OpenAI substantial prejudice by subjecting it to cybersecurity risk and "provid[ing] valuable insights into [OpenAI]'s current

Hon. Ona T. Wang
February 4, 2026
Page 2

business practices that a competitor would seek to exploit." *See Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015). OpenAI has narrowly tailored its requests and seeks to seal no more than is necessary to protect its security and proprietary business interests. Each category of information would harm OpenAI if disclosed, and each easily satisfies the standard for sealing documents submitted in connection with the parties' discovery letters.

## II.    LEGAL STANDARD

"The common law right of public access to judicial documents is based on 'the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *See* ECF 293 at 2 (citing *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

"When determining whether documents at issue on a motion to seal are subject to this common law right, the court must first conclude that the documents at issue are judicial documents." *See id.* (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006)). A "judicial document" is one that is "relevant to the performance of judicial functions and useful in judicial processes." *See id.* at 3 (citing *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016)). Where the documents at issue are judicial documents, "the constitutional and common law presumption of access attaches." *See id.* at 2.

Documents that are "simply passed between the parties in discovery," however, are not considered judicial documents and are not entitled to the same presumption of access. *See id.* (citing *Brown v. Maxwell*, 929 F.3d 41, 49-50 (2d Cir. 2019)). The "court's authority to oversee discovery and control the evidence introduced at trial . . . constitutes an exercise of judicial power . . . ancillary to the court's core role in adjudicating cases," meaning the presumption of public access is "generally somewhat lower" during discovery. *See id.* at 3 (quoting *Maxwell*, 929 F.3d at 50).

As a result, the standard for sealing also is commensurately lower for such materials. While courts still must articulate "specific and substantial reasons" for sealing such material, "the reasons usually need not be as compelling as those required to seal filings connected to a dispositive motion." *See Rand v. Travelers Indemnity Company*, No. 21-CV-10744, 2023 WL 4636614, at *2-3 (S.D.N.Y. July 19, 2023) (quoting *Maxwell,* 929 F.3d at 50). Additionally, the Second Circuit has held it is "presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have reasonably relied." *See* ECF 293 at 3 (citing *Uni-Systems, LLC v. U.S. Tennis Ass'n, Inc.*, 17-CV-147 (KAM) (CLP), 2020 WL 8266015, at *8 (E.D.N.Y. July 6, 2020)).

## III.    OPENAI'S CONFIDENTIAL INFORMATION WARRANTS SEALING

OpenAI's sealing request is consistent with the Second Circuit's guidance in *Lugosch v. Pyramid Company of Onondaga*, 435 F.3d 110 (2d Cir. 2006), *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132 (2d Cir. 2016), and other cases cited above. The parties'

Hon. Ona T. Wang
February 4, 2026
Page 3

letter briefs are properly categorized as discovery materials that, at most, relate to materials that will be "passed between the parties in discovery." *Maxwell*, 929 F.3d at 50. The presumption of public access to these materials is lower, as is the standard the Court applies for sealing. *See id.* OpenAI easily meets the standard that courts apply to materials submitted in connection with discovery motions, such as the materials here.

**Category (i)**. URLs/hyperlinks and filepaths are highly sensitive and warrant sealing. *See* Declaration of Maile Yeats-Rowe ("Yeats-Rowe Decl.") ¶ 4; *see also Rand*, 2023 WL 4636614, at *2-3 (sealing information that could pose cybersecurity threats to the organization if released). Disclosure of this information could compromise OpenAI's cybersecurity. *See* Yeats-Rowe Decl. ¶ 4. OpenAI treats such information as highly confidential, does not publicly disclose it, and takes affirmative steps to protect the confidentiality of such information. *Id.*

Documents containing category (i) material are cited by ECF number in the following table.

| Description | ECF | Redact or Seal |
|---|---|---|
| Exhibit D to Plaintiffs' Motion for Additional Discovery on Project Giraffe and Additional Deposition Time of V. Monaco | 1220-2 | Seal |
| Exhibit G to same | 1218-7[1] | Seal |

**Category (ii)**. The specific processes that OpenAI employs to train and evaluate LLMs, including discussions regarding model training and performance, business partnerships, internal company organization and business decisions, and handling, analysis, and testing of data; indicators reflecting data processes and handling; and internal data policies and practices constitute highly sensitive proprietary information. *See* Yeats-Rowe Decl. ¶ 5. Such information is highly confidential proprietary information that OpenAI generally does not publicly disclose. *See id.* Moreover, disclosure of such information would give OpenAI's competitors insight into its proprietary development processes and cause competitive harm to OpenAI in a nascent and highly competitive market. *Id.* This type of information routinely is deemed confidential and filed under seal. *See IBM Corp. v. Micro Focus (US), Inc.*, No. 22-CV-9910 (VB)(VR), 2024 WL 495137, at *1 (S.D.N.Y. Feb. 8, 2024) ("Courts in this District routinely permit parties to seal or redact commercially sensitive information to protect confidential business interests."); *Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-cv-4500-GHW, 2021 WL 1222122, at *7 (S.D.N.Y. Mar. 31, 2021) (sealing "confidential and proprietary data collection procedures"); *Louis Vuitton Malletier*, 97 F. Supp. 3d at 511 (sealing "business information and strategies,

---

[1] Plaintiffs inadvertently publicly filed Exhibit G (ECF 1218-7) to Plaintiffs' Motion for Additional Discovery on Project Giraffe and Additional Deposition Time of V. Monaco (ECF 1220), which contains certain information that OpenAI has designated as highly confidential pursuant to the Stipulated Protective Order (ECF 367). OpenAI has requested that Plaintiffs take appropriate steps to remove the filing from the public docket pending the Court's ruling on this motion to seal.

Hon. Ona T. Wang
February 4, 2026
Page 4

which, if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit" (internal quotation marks omitted)).

Documents containing category (ii) material are cited by ECF number in the table that follows. As noted in the table, OpenAI requests redaction of documents (identified via green highlighting in the documents), as opposed to sealing of a document in total, where possible.

| Description | ECF | Redact or Seal |
| --- | --- | --- |
| Plaintiffs' Motion to Compel OpenAI to Produce Musk Discovery | 1200 | Redact |
| Exhibit B to Plaintiffs' Motion to Compel OpenAI to Produce Musk Discovery | 1200-1 | Seal |
| Exhibit C to same | 1200-2 | Seal |
| Exhibit D to same | 1200-3 | Seal |
| Exhibit 6 to Class Plaintiffs' Motion for In Camera Review of Microsoft Clawed-Back Documents | 1205-5 | Seal |
| Exhibit 7 to same | 1205-6 | Seal |
| Exhibit 8 to same | 1205-7 | Seal |
| Exhibit 9 to same | 1205-8 | Seal |
| News Plaintiffs' Motion to Compel Production of User Metrics Data Regarding Custom GPTs and Disclose Whether OpenAI Maintains Output Log Data | 1206 | Redact |
| Exhibit 2 to News Plaintiffs' Motion to Compel Production of User Metrics Data Regarding Custom GPTs and Disclose Whether OpenAI Maintains Output Log Data | 1206-1 | Seal |
| Exhibit 5 to same | 1206-2 | Seal |
| Exhibit 6 to same | 1206-3 | Seal |
| Exhibit 7 to same | 1206-4 | Seal |
| Exhibit 8 to same | 1206-5 | Seal |
| Appendix A to Plaintiffs' Letter Challenging OpenAI's Privilege Assertions | 1214-1 | Seal |
| Appendix B to same | 1214-2 | Seal |
| Exhibit A to same | 1214-3 | Seal |
| Exhibit B to same | 1214-4 | Seal |
| Plaintiffs' Motion for Additional Discovery on Project Giraffe and Additional Deposition Time of V. Monaco | 1220 | Redact |
| Exhibit C to Plaintiffs' Motion for Additional Discovery on Project Giraffe and Additional Deposition Time of V. Monaco | 1220-1 | Seal |
| Exhibit D to same | 1220-2 | Seal |
| Exhibit E to same | 1220-3 | Seal |
| Exhibit F to same | 1220-4 | Seal |

Hon. Ona T. Wang
February 4, 2026
Page 5

| Description | ECF | Redact or Seal |
|---|---|---|
| Exhibit G to the same | 1218-7 | Seal |
| OpenAI's Opposition to Plaintiffs' Motion for Additional Discovery on Project Giraffe and Additional Deposition Time of V. Monaco | — | Redact |

**Category (iii).** Information regarding OpenAI's business dealings with its partners—including without limitation discussions regarding ongoing work within the partnership and strategic decisions involving the same, including agreements about the scope of the partnership—is content OpenAI treats as highly confidential third-party business information. *See* Yeats-Rowe Decl. ¶ 6. OpenAI generally does not publicly disclose such terms, negotiation details, or partnership evaluations or considerations to prevent competitive harm to OpenAI. *Id.* Moreover, OpenAI and certain partners have express agreements with confidentiality provisions that prevent public disclosure of confidential facts about the companies' business relationships. *Id.* Public disclosure of category (iii) information would cause competitive harm to OpenAI, given the highly competitive nature of the artificial intelligence industry with global stakeholders, and could cause violation of OpenAI's confidentiality agreements with third parties. *Id. See also FuboTV Inc. v. Walt Disney Company*, No. 24-CV-01363, 2024 WL 1884974, at *1 (S.D.N.Y. Apr. 30, 2024) (sealing and redacting commercially sensitive and confidential business information, including agreements between plaintiff and defendant on business strategies).

Documents containing category (iii) material are cited by ECF number in the following table.

| Description | ECF | Redact or Seal |
|---|---|---|
| Exhibit 6 to Class Plaintiffs' Motion for *In Camera* Review of Microsoft Clawed-Back Documents | 1205-5 | Seal |
| Exhibit 7 to same | 1205-6 | Seal |
| Exhibit 8 to same | 1205-7 | Seal |
| Exhibit 9 to same | 1205-8 | Seal |

### IV. THE COURT SHOULD SEAL EXTRANEOUS DISCOVERY MATERIAL

As reflected in the table below, Plaintiffs filed several lengthy confidential exhibits–such as complete interrogatory responses or complete deposition transcripts–even though they relied only on short passages to support their discovery briefs. That means Plaintiffs submitted many pages of highly confidential information with no relevance to their motions, that the Court does not need to resolve the underlying disputes, and in which the public has no interest. Plaintiffs' failure to properly excerpt puts OpenAI's confidential information at an unnecessary risk of inadvertent public disclosure and also burdens the Court. OpenAI respectfully asks the Court to seal these extraneous pages, which constitute highly confidential pursuant to the Protective Order and have no bearing on resolution of the parties' discovery disputes.

Hon. Ona T. Wang
February 4, 2026
Page 6

| Description | ECF | Redact or Seal |
|---|---|---|
| Exhibit C to Plaintiffs' Motion to Compel OpenAI to Produce Musk Discovery | 1200-2 | Seal |
| Exhibit E to Plaintiffs' Motion for Additional Discovery on Project Giraffe and Additional Deposition Time of V. Monaco | 1220-3 | Seal |
| Exhibit F to same | 1220-4 | Seal |

## V.    OPENAI'S SEALING REQUESTS ARE NARROWLY TAILORED

OpenAI's request is narrowly tailored as OpenAI only seeks to seal or redact select exhibits and limited, related portions of the parties' letter briefs, leaving the balance of the parties' briefs unredacted and open to the public. Where OpenAI seeks to file an entire exhibit under seal, it is because confidential information pervades the document, making redaction inadequate to protect OpenAI. OpenAI has not sought to seal all material it has designated as Protected Discovery Material under the Protective Order, but instead made individual determinations as to the propriety of sealing.

Sincerely,

| KEKER, VAN NEST & PETERS LLP | LATHAM & WATKINS LLP | MORRISON & FOERSTER LLP |
|---|---|---|
| */s/ Andrew F. Dawson* | */s/ Elana Nightingale Dawson* | */s/ Caitlin Sinclaire Blythe* |
| Andrew F. Dawson (*pro hac vice*) | Elana Nightingale Dawson (*pro hac vice*) | Caitlin Sinclaire Blythe (*pro hac vice*) |