UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br><br>OPENAI, INC.<br><br>COPYRIGHT INFRINGEMENT LITIGATION<br><br>This Document Relates To:<br><br>All Actions | Case No. 1:25-md-3143-SHS-OTW |

## DEFENDANT MICROSOFT CORPORATION'S RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE UNDER SEAL

Pursuant to Paragraph 21 of the Stipulated Protective Order in the News Cases (*Daily News* ECF No. 129) and Paragraph 25 of the Modified Stipulated Protective Order in the Class Cases (*Authors Guild* ECF No. 338), Defendant Microsoft Corporation ("Microsoft") submits this response in support of Plaintiffs' Motion for Leave to File Under Seal (ECF No. 96) ("Motion") requesting that the redacted portions of fourth paragraph spanning pages 1 and 2 related to Exhibits 1 and 3 to Plaintiffs' letter motion regarding disputed issues in the parties' proposed omnibus protective order ("Letter Motion") (ECF No. 97) and Exhibits 1 and 3 (ECF Nos. 97-1 and 97-3) thereto be sealed.

Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute and courts "must balance competing considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). "The proponent of sealing 'must demonstrat[e] that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 144 (2d Cir. 2016) (quoting *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)). "[T]he presumption of public access in filings submitted in

connection with discovery disputes . . . is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions . . . ." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019). "[W]hile a court must still articulate specific and substantial reasons for sealing such material, the reasons usually need not be as compelling as those required to seal summary judgment filings." *Id.*

The Letter Motion contains quotations from and descriptions of Exhibits 1 and 3 thereto, which are highly confidential documents, the disclosure of which would unfairly prejudice Microsoft. Exhibits 1 and 3 to the Letter Motion have been designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the Protective Order. These same documents were also filed under seal as ECF Nos. 386-4 and 386-2, respectively, in *The New York Times* Action (1:23-cv-11195), and the same descriptions and quotations of these exhibits that are contained in the Letter Motion were redacted in ECF No. 386 in *The New York Times* Action. Plaintiff likewise filed a motion for leave to file under seal as to those documents and redactions (*The New York Times* ECF No. 380) and the Court granted that motion (*The New York Times* ECF No. 426), thereby finding that these exhibits and the quotations and descriptions thereof that have been redacted are properly kept under seal. Thus, Microsoft requests that the Court make the same finding as to this Motion.

In addition, the information Microsoft seeks to seal and redact is the type of information commonly found to warrant sealing. *See Regeneron Pharms., Inc. v. Novartis Pharma AG*, No. 1:20-CV-05502, 2021 WL 243943 (S.D.N.Y. Jan. 25, 2021) (finding that requested redactions were "narrowly tailored to protect competitive business information, including the non-public terms of [various agreements]" and concluding "that the sensitivity of this information outweighs the presumption of access"); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485,

511 (S.D.N.Y. 2015) (citation omitted) (concluding that proposed redactions were "generally limited to specific business information and strategies, which, if revealed, 'may provide valuable insights into a company's current business practices that a competitor would seek to exploit.'").

For the reasons stated above, and those set forth in the Court's prior Order (*The New York Times* ECF No. 426), Microsoft respectfully requests that Plaintiffs' Motion for Leave to File Under Seal (ECF No. 96) be granted. Specifically, Microsoft requests that the redacted portions of fourth paragraph spanning pages 1 and 2 related to Exhibits 1 and 3 of the Letter Motion and Exhibits 1 and 3 (ECF Nos. 97-1 and 97-3) thereto be sealed.

Dated: June 10, 2025                    Respectfully submitted,

                                        */s/ Jared B. Briant*
                                        Jared B. Briant (admitted *pro hac vice*)
                                        Kirstin L. Stoll-DeBell (admitted *pro hac vice*)
                                        FAEGRE DRINKER BIDDLE & REATH LLP
                                        1144 Fifteenth Street, Suite 3400
                                        Denver, CO 80202
                                        Telephone: (303) 607-3500
                                        Facsimile: (303) 607-3600
                                        Email: jared.briant@faegredrinker.com
                                        Email: kirstin.stolldebell@faegredrinker.com

                                        Annette L. Hurst (admitted *pro hac vice*)
                                        ORRICK, HERRINGTON & SUTCLIFFE LLP
                                        The Orrick Building
                                        405 Howard Street
                                        San Francisco, CA 94105-2669
                                        Telephone: (415) 773-5700
                                        Facsimile: (415) 773-5759
                                        Email: ahurst@orrick.com

                                        Christopher Cariello
                                        Marc Shapiro
                                        ORRICK, HERRINGTON & SUTCLIFFE LLP
                                        51 West 52nd Street
                                        New York: NY 10019
                                        Telephone: (212) 506-3778
                                        Facsimile: (212) 506-5151
                                        Email: ccariello@orrick.com
                                                mrshapiro@orrick.com

3

Sheryl Koval Garko (admitted *pro hac vice*)
Laura Brooks Najemy (admitted *pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
222 Berkeley Street, Suite 2000
Boston, MA 02116
Telephone: (617) 880-1800
Facsimile: (617) 8801-1801
Email: sgarko@orrick.com
       lnajemy@orrick.com

Carrie A. Beyer (admitted *pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
320 South Canal Street, Suite 3300
Chicago, IL  60606-5707
Telephone: (312) 569-1000
Facsimile: (312) 569-3000
Email: carrie.beyer@faegredrinker.com

Jeffrey S. Jacobson
FAEGRE DRINKER BIDDLE & REATH LLP
1177 Avenue of the Americas, 41st Floor
New York, New York 10036
Telephone: (212) 248-3140
Facsimile: (212) 248-3141
Email: jeffrey.jacobson@faegredrinker.com

Elizabeth M.C. Scheibel (admitted *pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
2200 Wells Fargo Center, 90 S. 7th Street
Minneapolis, MN 55402
Telephone: (612) 766-7000
Facsimile: (612) 766-1600
Email: elizabeth.scheibel@faegredrinker.com

*Attorneys for Defendant Microsoft Corporation*