# Exhibit 8

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------- X

THE INTERCEPT MEDIA, INC.,

             Plaintiff,

                v.

OPENAI, INC., OPENAI GP, LLC, OPENAI,
LLC, OPENAI OPCO LLC, OPENAI GLOBAL
LLC, OAI CORPORATION, LLC, OPENAI
HOLDINGS, LLC, and MICROSOFT
CORPORATION,

             Defendants.

-------------------------------------------------------- X

No. 1:25-md-03143-SHS-OTW

No. 1:24-cv-01515-SHS-OTW

### OPENAI DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF REQUESTS FOR ADMISSION (NOS. 53-60)

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Defendants OpenAI, Inc., OpenAI LP, OpenAI GP, LLC, OpenAI, LLC, OpenAI OpCo, LLC, OpenAI Global, LLC, OAI Corporation, LLC, and OpenAI Holdings, LLC (collectively, "OpenAI") hereby object and respond to Plaintiff's Third Set of Requests for Admission. To the extent that OpenAI agrees to respond to these Requests, each entity is agreeing to respond only on its own behalf, to the extent any information is in the possession, custody, or control of that entity. Furthermore, an agreement by OpenAI to respond does not mean that each entity has information in its possession, custody, or control.

### INTRODUCTORY RESPONSE

The following responses and objections are based upon the facts, documents, and information presently known and available to OpenAI. Discovery, investigation, research, and analysis are ongoing. These processes may disclose the existence of additional facts or

documents, add meaning to known facts or documents, or lead to additions, variations, or changes to these responses and objections.

Without obligating itself to do so, except to the extent required by the Federal Rules of Civil Procedure, OpenAI reserves the right to change or supplement these responses as additional facts or documents are discovered, revealed, recalled, or otherwise ascertained, and as further analysis, research, investigation, and discovery disclose additional facts, documents, contentions, or legal theories that may apply. OpenAI specifically reserves the right to utilize subsequently discovered facts, documents, or other evidence at trial. Given the ongoing investigation, OpenAI reserves the right to serve timely verifications to the responses at a later date.

The general and specific responses and objections set forth below are intended to apply to all information provided pursuant to the Requests. Furthermore, these responses do not in any way waive any objections by OpenAI in this or in any subsequent proceeding, on any grounds, including objections as to the competency, relevancy, materiality, privilege or admissibility of these responses, or the subject matter thereof.

## **GENERAL OBJECTIONS**

The following objections to Definitions ("General Objections") are continuing in nature and shall apply to each Request and each and every definition by Plaintiff and are hereby incorporated into each response. OpenAI makes each individual response subject to, and without waiver of, the following General Objections:

OpenAI objects to the Requests to the extent that any Request:

      a.    seeks the disclosure of information neither relevant to this litigation, nor reasonably calculated to lead to the discovery of admissible evidence;

       b.       is overly broad, unduly burdensome, oppressive, and/or duplicative;

       c.       is unrestricted in time;

       d.       is vague and/or ambiguous;

       e.       calls for the disclosure of information protected by the attorney-client privilege, the work-product doctrine, the common interest doctrine, the settlement privilege, and/or any other privilege or immunity from disclosure recognized by law;

       f.       calls for the disclosure of information not within OpenAI's possession, custody, or control;

       g.       calls for the disclosure of information that is publicly available or to which Plaintiff has equal access; and/or

       h.       constitutes a Request for Admission beyond the scope of discovery authorized by and/or seeks to impose obligations beyond those required by the Federal Rules of Civil Procedure 26 and 36, the local rules of the Southern District of New York, and this Court.

       2.      In the event that OpenAI produces information or documents that are privileged, work product, protected under Federal Rule of Evidence 502, or otherwise immune from disclosure, it will have been produced through inadvertence and shall not constitute a waiver of any privilege or immunity applicable (a) to that or any other information or documents or (b) to communications concerning the subject matter of that or any other information or documents. Any such information should be treated in accordance with the protective order and ESI protocol entered in this action.

       3.      OpenAI objects to each Request to the extent that it seeks trade secrets or confidential or proprietary information of OpenAI. OpenAI will produce confidential documents and information as set forth herein subject to the terms of the protective order entered

in this action.

4.    OpenAI objects to each Request to the extent it purports to require OpenAI to disclose information in violation of a legal or contractual obligation of nondisclosure to a third party.  OpenAI will not disclose such information without either the consent of the relevant third party or an order by the Court compelling production.

5.    OpenAI objects to each Request on the grounds that "Rule 36 is not a discovery device" and should not be used to gather information or as a substitute for interrogatories, requests for production of documents, and depositions.  *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.*, 174 F.R.D. 38, 42 (S.D.N.Y. 1997); *see also Spectrum Dynamics Medical Ltd. v. General Elec. Co.*, No. 18-cv-11386 (VSB) (KHP), 2021 WL 735241, at *2 (S.D.N.Y. Feb. 25, 2021) (RFAs "are not designed to discover information like other discovery rules such as Rule 34").  Instead, requests for admission should serve to narrow and eliminate issues for trial by obtaining "admissions for the record of facts already known by the seeker."  *Galgano v. County of Putnam*, 16-cv-3572 (KMK)(PED), 2021 WL 3159844, at *1 (S.D.N.Y. June 30, 2021).  Accordingly, OpenAI need not answer "where requests for admission are not designed to identify and eliminate matters on which the parties agree, but to seek information as to fundamental disagreement at the heart of the lawsuit."  *Republic of Turkey v. Christie's, Inc.*, 326 F.R.D. 394, 399 (S.D.N.Y. 2018)

6.    OpenAI's investigation in this matter is continuing, and OpenAI will provide the information known to it at the present time.  OpenAI reserves the right to supplement its responses pursuant to Rule 26(e) with different or additional information obtained during the course of discovery.

7.    OpenAI objects to each Request to the extent it would require OpenAI to make

a legal conclusion or contention to make a proper response.

8.    OpenAI will make, and has made, reasonable efforts to respond to these Requests as OpenAI reasonably understands and interprets each Request.  If Plaintiff subsequently asserts any interpretation of any Request that differs from the interpretation of OpenAI, then OpenAI reserves the right to supplement and amend its objections and responses.

Without waiving the foregoing General Objections but in express reliance thereon, OpenAI incorporates the foregoing objections into the responses below and responds to the individually numbered Requests as follows:

**SPECIFIC OBJECTIONS AND RESPONSES**

**REQUEST FOR ADMISSION NO. 53:**

For each article contained in OPCO_INTERCEPT_0000011, admit that the file you downloaded containing the article also contained the article's author information.

**RESPONSE TO REQUEST FOR ADMISSION NO. 53:**

OpenAI objects to this Request on the ground that it is not consonant with the purpose of Rule 36 in that it is designed not to confirm information, but instead to elicit new facts and information.  *See, e.g.*, *Republic of Turkey*, 326 F.R.D. at 399. OpenAI objects to this Request as compound. OpenAI interprets "each article" as a separate Request.  OpenAI further objects to this Request as premature because discovery is ongoing.  OpenAI continues to investigate the subject matter of this Request.    OpenAI objects to the phrases "contained in OPCO_INTERCEPT_0000011," "file you downloaded containing the article," and "contained the article's author information" as vague and ambiguous.  OpenAI is "not required to answer RFAs that contain vague and ambiguous wording that does not allow defendants fairly to admit or deny them."  *Khurana v. Wahed Invest, LLC*, No. 18-cv-233 (LAK) (BCM), 2020 WL 67291247, at *2

(S.D.N.Y. Nov. 16, 2020). OpenAI objects to this Request as unduly burdensome, oppressive, and disproportionate to the needs of the case in that it seeks information about a vaguely defined and expansive set of "article[s] contained in OPCO_INTERCEPT_0000011." OpenAI objects on the basis that this Request seeks information about "one or more GPT models" without "separately stat[ing]" each matter as required by Federal Rule of Civil Procedure 36(a)(2). OpenAI objects that responding to this Request would require it to undertake an unduly burdensome investigation of information that is not "readily obtainable." *T. Rowe Price*, 174 F.R.D. at 43.

Subject to the foregoing General and Specific Objections, OpenAI responds as follows: To the extent that language data appears in the data produced at OPCO_INTERCEPT_0000011, OpenAI ADMITS that it originally obtained web crawl data that was collected and distributed by the Common Crawl Foundation, a 501(c)(3) foundation that collects and publishes open web crawl data for researchers, entrepreneurs, and developers to develop groundbreaking technologies, data-driven solutions, and insights.  If the Common Crawl Foundation collected "author information" and included it in the web crawl data that they redistributed, then that data would have been included in the data that OpenAI obtained from the Common Crawl Foundation. To the extent a further response is deemed required, OpenAI DENIES the remainder of this Request on the basis of its objections.

**REQUEST FOR ADMISSION NO. 54:**

For each article contained in OPCO_INTERCEPT_0000011, admit that the file you downloaded containing the article also contained the article's title information.

**RESPONSE TO REQUEST FOR ADMISSION NO. 54:**

OpenAI objects to this Request on the ground that it is not consonant with the purpose of Rule 36 in that it is designed not to confirm information, but instead to elicit new facts and

information. *See, e.g.*, *Republic of Turkey*, 326 F.R.D. at 399. OpenAI objects to this Request as compound. OpenAI interprets "each article" as a separate Request. OpenAI further objects to this Request as premature because discovery is ongoing. OpenAI continues to investigate the subject matter of this Request. OpenAI objects to the phrases "contained in OPCO_INTERCEPT_0000011," "file you downloaded containing the article," and "contained the article's title information" as vague and ambiguous. OpenAI is "not required to answer RFAs that contain vague and ambiguous wording that does not allow defendants fairly to admit or deny them." *Khurana v. Wahed Invest, LLC*, No. 18-cv-233 (LAK) (BCM), 2020 WL 67291247, at *2 (S.D.N.Y. Nov. 16, 2020). OpenAI objects to this Request as unduly burdensome, oppressive, and disproportionate to the needs of the case in that it seeks information about a vaguely defined and expansive set of "article[s] contained in OPCO_INTERCEPT_0000011." OpenAI objects on the basis that this Request seeks information about "one or more GPT models" without "separately stat[ing]" each matter as required by Federal Rule of Civil Procedure 36(a)(2). OpenAI objects that responding to this Request would require it to undertake an unduly burdensome investigation of information that is not "readily obtainable." *T. Rowe Price*, 174 F.R.D. at 43.

Subject to the foregoing General and Specific Objections, OpenAI responds as follows: To the extent that language data appears in the data produced at OPCO_INTERCEPT_0000011, OpenAI ADMITS that it originally obtained web crawl data that was collected and distributed by the Common Crawl Foundation, a 501(c)(3) foundation that collects and publishes open web crawl data for researchers, entrepreneurs, and developers to develop groundbreaking technologies, data-driven solutions, and insights. If the Common Crawl Foundation collected "title information" and included it in the web crawl data that they redistributed, then that data

would have been included in the data that OpenAI obtained from the Common Crawl Foundation. To the extent a further response is deemed required, OpenAI DENIES the remainder of this Request on the basis of its objections.

**REQUEST FOR ADMISSION NO. 55:**

For each article contained in OPCO_INTERCEPT_0000011, admit that the file you downloaded containing the article also contained the article's copyright notice information.

**RESPONSE TO REQUEST FOR ADMISSION NO. 55:**

OpenAI objects to this Request on the ground that it is not consonant with the purpose of Rule 36 in that it is designed not to confirm information, but instead to elicit new facts and information. *See, e.g.*, *Republic of Turkey*, 326 F.R.D. at 399. OpenAI objects to this Request as compound. OpenAI interprets "each article" as a separate Request. OpenAI further objects to this Request as premature because discovery is ongoing. OpenAI continues to investigate the subject matter of this Request. OpenAI objects to the phrases "contained in OPCO_INTERCEPT_0000011," "file you downloaded containing the article," and "contained the article's copyright notice information" as vague and ambiguous. OpenAI is "not required to answer RFAs that contain vague and ambiguous wording that does not allow defendants fairly to admit or deny them." *Khurana v. Wahed Invest, LLC*, No. 18-cv-233 (LAK) (BCM), 2020 WL 67291247, at *2 (S.D.N.Y. Nov. 16, 2020). OpenAI objects to this Request as unduly burdensome, oppressive, and disproportionate to the needs of the case in that it seeks information about a vaguely defined and expansive set of "article[s] contained in OPCO_INTERCEPT_0000011." OpenAI objects on the basis that this Request seeks information about "one or more GPT models" without "separately stat[ing]" each matter as required by Federal Rule of Civil Procedure 36(a)(2). OpenAI objects that responding to this Request would require it to undertake an unduly

burdensome investigation of information that is not "readily obtainable." *T. Rowe Price*, 174 F.R.D. at 43.

Subject to the foregoing General and Specific Objections, OpenAI responds as follows: To the extent that language data appears in the data produced at OPCO_INTERCEPT_0000011, OpenAI ADMITS that it originally obtained web crawl data that was collected and distributed by the Common Crawl Foundation, a 501(c)(3) foundation that collects and publishes open web crawl data for researchers, entrepreneurs, and developers to develop groundbreaking technologies, data-driven solutions, and insights. If the Common Crawl Foundation collected "copyright notice information" and included it in the web crawl data that they redistributed, then that data would have been included in the data that OpenAI obtained from the Common Crawl Foundation. To the extent a further response is deemed required, OpenAI DENIES the remainder of this Request on the basis of its objections.

### REQUEST FOR ADMISSION NO. 56:

For each article contained in OPCO_INTERCEPT_0000011, admit that the file you downloaded containing the article also contained the article's terms of use information.

### RESPONSE TO REQUEST FOR ADMISSION NO. 56:

OpenAI objects to this Request on the ground that it is not consonant with the purpose of Rule 36 in that it is designed not to confirm information, but instead to elicit new facts and information. *See, e.g.*, *Republic of Turkey*, 326 F.R.D. at 399. OpenAI objects to this Request as compound. OpenAI interprets "each article" as a separate Request. OpenAI further objects to this Request as premature because discovery is ongoing. OpenAI continues to investigate the subject matter of this Request. OpenAI objects to the phrases "contained in OPCO_INTERCEPT_0000011," "file you downloaded containing the article," and "contained the

article's terms of use information" as vague and ambiguous. OpenAI is "not required to answer RFAs that contain vague and ambiguous wording that does not allow defendants fairly to admit or deny them." *Khurana v. Wahed Invest, LLC*, No. 18-cv-233 (LAK) (BCM), 2020 WL 67291247, at *2 (S.D.N.Y. Nov. 16, 2020). OpenAI objects to this Request as unduly burdensome, oppressive, and disproportionate to the needs of the case in that it seeks information about a vaguely defined and expansive set of "article[s] contained in OPCO_INTERCEPT_0000011." OpenAI objects on the basis that this Request seeks information about "one or more GPT models" without "separately stat[ing]" each matter as required by Federal Rule of Civil Procedure 36(a)(2). OpenAI objects that responding to this Request would require it to undertake an unduly burdensome investigation of information that is not "readily obtainable." *T. Rowe Price*, 174 F.R.D. at 43.

Subject to the foregoing General and Specific Objections, OpenAI responds as follows: To the extent that language data appears in the data produced at OPCO_INTERCEPT_0000011, OpenAI ADMITS that it originally obtained web crawl data that was collected and distributed by the Common Crawl Foundation, a 501(c)(3) foundation that collects and publishes open web crawl data for researchers, entrepreneurs, and developers to develop groundbreaking technologies, data-driven solutions, and insights. If the Common Crawl Foundation collected "terms of use information" and included it in the web crawl data that they redistributed, then that data would have been included in the data that OpenAI obtained from the Common Crawl Foundation. To the extent a further response is deemed required, OpenAI DENIES the remainder of this Request on the basis of its objections.

**REQUEST FOR ADMISSION NO. 57:**

Admit that, for those Asserted Works you scraped directly from Plaintiff's website, you copied the webpage's entire HTML code.

**RESPONSE TO REQUEST FOR ADMISSION NO. 57:**

OpenAI objects to this Request on the ground that it is not consonant with the purpose of Rule 36 in that it is designed not to confirm information, but instead to elicit new facts and information. *See, e.g.*, *Republic of Turkey*, 326 F.R.D. at 399. OpenAI objects to this Request as compound. OpenAI interprets each "Asserted Work[]" as a separate Request. OpenAI further objects to this Request as premature because discovery is ongoing. OpenAI continues to investigate the subject matter of this Request. OpenAI objects to the phrases "those Asserted Works," "scraped directly," "Plaintiff's website," and "webpage's entire HTML code" as vague and ambiguous. OpenAI is "not required to answer RFAs that contain vague and ambiguous wording that does not allow defendants fairly to admit or deny them." *Khurana v. Wahed Invest, LLC*, No. 18-cv-233 (LAK) (BCM), 2020 WL 67291247, at *2 (S.D.N.Y. Nov. 16, 2020). OpenAI objects to this Request as unduly burdensome, oppressive, and disproportionate to the needs of the case in that it seeks information about a vaguely defined and potentially expansive set of "Asserted Works." OpenAI objects on the basis that this Request seeks information about numerous "Asserted Works" without "separately stat[ing]" each matter as required by Federal Rule of Civil Procedure 36(a)(2). OpenAI objects that responding to this Request as to a vaguely defined set of "Asserted Works" would require it to undertake an unduly burdensome investigation of information that is not "readily obtainable." *T. Rowe Price*, 174 F.R.D. at 43. OpenAI objects to this Request to the extent it purports to assume that OpenAI "scraped" any "Asserted Works" "directly from Plaintiff's website."

In light of the foregoing General and Specific Objections, OpenAI responds that it will neither admit nor deny this Request. To the extent a response is deemed required, OpenAI DENIES this Request on the basis of its objections.

**REQUEST FOR ADMISSION NO. 58:**

Admit that, for those Asserted Works you obtained from Common Crawl, you downloaded the entire raw HTML code corresponding to the work that is available on Common Crawl.

**RESPONSE TO REQUEST FOR ADMISSION NO. 58:**

OpenAI objects to this Request on the ground that it is not consonant with the purpose of Rule 36 in that it is designed not to confirm information, but instead to elicit new facts and information. *See, e.g.*, *Republic of Turkey*, 326 F.R.D. at 399. OpenAI objects to this Request as compound. OpenAI interprets each "Asserted Work[]" as a separate Request. OpenAI further objects to this Request as premature because discovery is ongoing. OpenAI continues to investigate the subject matter of this Request. OpenAI objects to the phrases "those Asserted Works," "obtained from Common Crawl," and "entire raw HTML code corresponding to the work that is available on Common Crawl" as vague and ambiguous. OpenAI is "not required to answer RFAs that contain vague and ambiguous wording that does not allow defendants fairly to admit or deny them." *Khurana v. Wahed Invest, LLC*, No. 18-cv-233 (LAK) (BCM), 2020 WL 67291247, at *2 (S.D.N.Y. Nov. 16, 2020). OpenAI objects to this Request as unduly burdensome, oppressive, and disproportionate to the needs of the case in that it seeks information about a vaguely defined and potentially expansive set of "Asserted Works." OpenAI objects on the basis that this Request seeks information about numerous "Asserted Works" without "separately stat[ing]" each matter as required by Federal Rule of Civil Procedure 36(a)(2). OpenAI objects that responding to this Request as to a vaguely defined set of "Asserted Works" would require it to undertake an unduly burdensome investigation of information that is not "readily obtainable." *T. Rowe Price*, 174 F.R.D. at 43.

Subject to the foregoing General and Specific Objections, OpenAI responds as follows:

OpenAI's general practice is to collect open web crawl data from the Common Crawl Foundation by obtaining copies of the WARC-formatted data files that the Foundation distributes. Those WARC records, which are available to the public, may contain HTML data. The Common Crawl Foundation provides more documentation regarding the contents and format of its WARC open web crawl data at https://commoncrawl.org/get-started. The Foundation also directs interested users to the International Internet Preservation Consortium specification for the WARC format, which is available at https://iipc.github.io/warc-specifications/specifications/warc-format/warc-1.1/ . To the extent a further response is deemed required, OpenAI DENIES the remainder of this Request on the basis of its objections.

**REQUEST FOR ADMISSION NO. 59:**

Admit that Plaintiff has never expressly authorized you to remove title, author, copyright notice, or terms of use information from any of the Asserted Works.

**RESPONSE TO REQUEST FOR ADMISSION NO. 59:**

OpenAI objects to this Request on the ground that it is not consonant with the purpose of Rule 36 in that it is designed not to confirm information, but instead to elicit new facts and information. *See, e.g.*, *Republic of Turkey*, 326 F.R.D. at 399. OpenAI objects to this Request as compound. OpenAI interprets each "Asserted Work[]" as a separate Request. OpenAI further objects to this Request as premature because discovery is ongoing. OpenAI continues to investigate the subject matter of this Request. OpenAI objects to the phrases "expressly authorized," "remove," and "title, author, copyright notice, or terms of use information" as vague and ambiguous. OpenAI is "not required to answer RFAs that contain vague and ambiguous wording that does not allow defendants fairly to admit or deny them." *Khurana v. Wahed Invest, LLC*, No. 18-cv-233 (LAK) (BCM), 2020 WL 67291247, at *2 (S.D.N.Y. Nov. 16, 2020).

OpenAI objects to this Request as unduly burdensome, oppressive, and disproportionate to the needs of the case in that it seeks information about a vaguely defined and potentially expansive set of "Asserted Works."  OpenAI objects on the basis that this Request seeks information about numerous "Asserted Works" without "separately stat[ing]" each matter as required by Federal Rule of Civil Procedure 36(a)(2).  OpenAI objects to this Request to the extent it purports to assume that OpenAI intentionally removed title, author, copyright notice, or terms of use information from any Asserted Work.  OpenAI objects to this Request as calling for a legal conclusion to the extent it seeks an admission regarding "express[] authoriz[ation]."  OpenAI objects to this Request to the extent it suggests that permission is needed for the acts alleged in the operative complaint, as contrary to, *e.g.*, fair use.

Subject to the foregoing General and Specific Objections, OpenAI responds as follows: OpenAI ADMITS that it has not negotiated an agreement with Plaintiff regarding access to material that may be used for the purpose of developing any relevant OpenAI product or service. To the extent a further response is deemed required, OpenAI DENIES the remainder of this Request on the basis of its objections.

**REQUEST FOR ADMISSION NO. 60:**

Admit that Plaintiff has never impliedly authorized you to remove title, author, copyright notice, or terms of use information from any of the Asserted Works.

**RESPONSE TO REQUEST FOR ADMISSION NO. 60:**

OpenAI objects to this Request on the ground that it is not consonant with the purpose of Rule 36 in that it is designed not to confirm information, but instead to elicit new facts and information.   See, e.g., Republic of Turkey, 326 F.R.D. at 399.  OpenAI objects to this Request as compound.  OpenAI interprets each "Asserted Work[]" as a separate Request.  OpenAI further

objects to this Request as premature because discovery is ongoing. OpenAI continues to investigate the subject matter of this Request. OpenAI objects to the phrases "impliedly authorized," "remove," and "title, author, copyright notice, or terms of use information" as vague and ambiguous. OpenAI is "not required to answer RFAs that contain vague and ambiguous wording that does not allow defendants fairly to admit or deny them." Khurana v. Wahed Invest, LLC, No. 18-cv-233 (LAK) (BCM), 2020 WL 67291247, at *2 (S.D.N.Y. Nov. 16, 2020). OpenAI objects to this Request as unduly burdensome, oppressive, and disproportionate to the needs of the case in that it seeks information about a vaguely defined and potentially expansive set of "Asserted Works." OpenAI objects on the basis that this Request seeks information about numerous "Asserted Works" without "separately stat[ing]" each matter as required by Federal Rule of Civil Procedure 36(a)(2). OpenAI objects to this Request to the extent it purports to assume that OpenAI intentionally removed title, author, copyright notice, or terms of use information from any Asserted Work. OpenAI objects to this Request as calling for a legal conclusion to the extent it seeks an admission regarding "implied[] authoriz[ation]." OpenAI objects to this Request to the extent it suggests that permission is needed for the acts alleged in the operative complaint, as contrary to, *e.g.*, fair use.

Subject to the foregoing General and Specific Objections, OpenAI responds as follows: OpenAI ADMITS that it has not negotiated an agreement with Plaintiff regarding access to material that may be used for the purpose of developing any relevant OpenAI product or service. To the extent a further response is deemed required, OpenAI DENIES the remainder of this Request on the basis of its objections.

Dated: July 14, 2025

MORRISON & FOERSTER LLP

By: */s/ Rose S. Lee*

Joseph C. Gratz (*pro hac vice*)
JGratz@mofo.com
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

Rose S. Lee (*pro hac vice*)
RoseLee@mofo.com
707 Wilshire Boulevard
Los Angeles, CA 90017
Telephone: (213) 892-5200
Facsimile: (213) 892-5454

Carolyn M. Homer (*pro hac vice*)
CMHomer@mofo.com
2100 L Street, NW, Suite 900
Washington, DC 20037
Telephone: (202) 650-4597
Facsimile: (202) 887-0763

Jocelyn E. Greer
JGreer@mofo.com
Emily C. Wood
EWood@mofo.com
Eric K. Nikolaides
ENikolaides@mofo.com
250 W. 55th Street
New York, NY 10019-9601
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

Attorneys for Defendants
OPENAI, INC., OPENAI LP, OPENAI GP,
LLC, OPENAI, LLC, OPENAI OPCO LLC,
OPENAI GLOBAL LLC, OAI
CORPORATION, LLC, and OPENAI
HOLDINGS, LLC

Dated: July 14, 2025

LATHAM & WATKINS LLP

By:  */s/ Herman H. Yue*

Andrew Gass (*pro hac vice*)
andrew.gass@lw.com
Joseph R. Wetzel (*pro hac vice*)
joe.wetzel@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA  94111
Telephone:  (415) 391-0600

Sarang Damle
sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
Luke Budiardjo
luke.budiardjo@lw.com
555 Eleventh Street NW, Suite 100
Washington, DC 20004
Telephone:  (202) 637-2200

Allison L. Stillman
alli.stillman@lw.com
Rachel R. Blitzer
rachel.blitzer@lw.com
Herman H. Yue
herman.yue@lw.com
Michael A. David
Michael.david@lw.com
Yijun Zhong
elaine.zhong@lw.com
1271 Avenue of the Americas
New York, NY 10020
Telephone:  (212) 906-1200

Allison S. Blanco (*pro hac vice*)
allison.blanco@lw.com
650 Town Center Drive, Suite 2000
Costa Mesa, CA 92626
Telephone: (714) 540-1235

Attorneys for Defendants
OPENAI, INC., OPENAI LP, OPENAI GP,
LLC, OPENAI, LLC, OPENAI OPCO LLC,
OPENAI GLOBAL LLC, OAI
CORPORATION, LLC, and OPENAI
HOLDINGS, LLC

Dated:  July 14, 2025

KEKER, VAN NEST & PETERS LLP

By:  */s/ Thomas E. Gorman*

Robert A. Van Nest (*pro hac vice*)
RVanNest@keker.com
R. James Slaughter (*pro hac vice*)
RSlaughter@keker.com
Paven Malhotra
PMalhotra@keker.com
Michelle S. Ybarra (*pro hac vice*)
MYbarra@keker.com
Nicholas S. Goldberg (*pro hac vice*)
NGoldberg@keker.com
Thomas E. Gorman (*pro hac vice*)
TGorman@keker.com
Katie Lynn Joyce (*pro hac vice*)
KJoyce@keker.com
Christopher S. Sun (*pro hac vice*)
CSun@keker.com
Andrew S. Bruns (*pro hac vice*)
ABruns@keker.com
Andrew F. Dawson (*pro hac vice*)
ADawson@keker.com
Edward A. Bayley (*pro hac vice*)
EBayley@keker.com
Erin Meyer (*pro hac vice*)
EMeyer@keker.com
Jamie T. Martinez (*pro hac vice*)
JMartinez@keker.com
Leo L. Lam
LLam@keker.com
Kevin S. Song (*pro hac vice*)
KSong@keker.com
Luis G. Hoyos (*pro hac vice*)
LHoyos@keker.com
Ryan Wong (*pro hac vice*)
RWong@keker.com
633 Battery Street
San Francisco, CA  94111-1809
Telephone:  (415) 391-5400
Facsimile:  (415) 397-7188

Attorneys for Defendants
OPENAI, INC., OPENAI LP, OPENAI GP,
LLC, OPENAI, LLC, OPENAI OPCO LLC,
OPENAI GLOBAL LLC, OAI

CORPORATION, LLC, and OPENAI
HOLDINGS, LLC

## CERTIFICATE OF SERVICE

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 425 Market Street, San Francisco, CA 94105. I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on July 14, 2025, I served a copy of:

### OPENAI DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND SET OF REQUESTS FOR ADMISSION (NOS. 53-60)

☒ **BY ELECTRONIC SERVICE [Fed. Rule Civ. Proc. rule 5(b)]** by electronically mailing a true and correct copy through Morrison & Foerster LLP's electronic mail system to the email address(es) set forth below, or as stated on the attached service list per agreement in accordance with Federal Rules of Civil Procedure rule 5(b).

| | |
|---|---|
| Jonathan Loevy<br>Michael Kanovitz<br>Stephen Stich Match<br>Matthew Topic<br>Steven Art<br>Thomas Kayes<br>Kyle Wallenberg<br>LOEVY & LOEVY<br>311 North Aberdeen, 3rd Floor<br>Chicago, IL 60607<br>312.243.5900 | |
| ai@loevy.com ||
| *Attorneys for Plaintiff* ||

I declare under penalty of perjury that the foregoing is true and correct. Executed at

San Francisco, this 14th day of July, 2025.

| Amy Garcia | */s/ Amy Garcia* |
|:---:|:---:|
| (typed) | (signature) |